IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

CIVIL ACTION NO. 2:07cv51-KS-MTP
VS.            ORIGINAL CRIMINAL ACTION NO. 2:03cr25-KS-MTP

ROBERT EARL RAIFORD

OPINION AND ORDER

This cause is before the Court on petition filed by Robert Earl Raiford pursuant to 28 U.S.C. §2255 alleging six separate grounds for relief. One of the grounds, ground one, is that he received ineffective assistance of counsel. Additionally, petitioner asserts five other grounds for relief, each of which is procedurally barred.  The Court after considering the allegations, the record, applicable case law and being fully advised in the premises, finds the petition for habeas relief pursuant to Rule 2255 is not well-taken and should be **denied**.

FACTUAL BACKGROUND

Robert Earl Raiford was tried in this court in 2005 and convicted of the crimes of car jacking (18 U.S.C. § 2119), and brandishing a firearm in relation to the crime of car jacking (18 U.S.C. § 924(c)).  He was sentenced to consecutive terms in the custody of the Bureau of Prisons. He appealed the convictions to the Fifth Circuit Court of Appeals, which affirmed the convictions on March 16, 2006.  See *United States v. Raiford*, No. 05-60610, 2006 W.L. 678166 (5th Cir. Mar. 16, 2006)(unpublished *per curiam*).

PROCEDURAL BAR

Claims 2-6 are procedurally barred. Petitioner alleges insufficient evidence to support the

1

jury verdict and this issue was previously raised before the Fifth Circuit, which found it without merit. Grounds 2-6 were all raised on direct appeal and are, therefore, procedurally barred absent a showing of exceptional circumstances, which has not been claimed by Raiford.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The lone remaining claim is Ground One, ineffective assistance of counsel.

This claim is properly raised for the first time in a 2255 motion rather than on appeal. *United States v. Patten*, 40 F. 3d 774, 776 (5th Cir. 1994)(*per curiam*, cert denied), 515 U.S. 1132, 115 S. Ct. 2558, 132 L. Ed. 2d 811 (1995). In order to prevail on this claim, Raiford must satisfy the well-known two prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). He must make evident not only that counsel was objectively deficient, but also that the defendant was prejudiced as a result. *Westley v. Johnson*, 83 F. 3d 714, 723 (5th Cir. 1996). "A court need not address both prongs of an ineffective assistance of counsel claim..., but may dispose of such a claim based solely on petitioner's failure to meet either prong of the test." *Amos v. Scott*, 61 F. 3d 333, 348 (5th Cir.) cert. denied, 516 U.S. 1005, 116 S. Ct. 557, 133 L. Ed. 2d 458 (1955). Mr. Raiford has failed to illustrate that any alleged error of counsel meets either prong of the test.

Mr. Raiford claims that Mr. John Weber, the defense attorney, asked the petitioner to testify at trial and that Mr. Weber forced the defendant to testify against his will. Petitioner further relates that trial counsel, Mr. Weber, never argued the fact that petitioner had no gun or that the government never produced a gun at trial. He further alleges that trial counsel failed to argue the propriety of the enhancement of brandishing a firearm and that his mental retardation was not raised.

The facts do not backup the allegations. Mr. Raiford made no indication to the Court that he did not desire to testify, despite his familiarity with the criminal justice system. The affidavit of Mr. John Weber clearly states that trial strategy was discussed and Mr. Raiford was explained his right not to testify, but decided to testify and that Mr. Raiford appeared to understand his rights. As stated above, Mr. Raiford is familiar with the criminal justice system.

This Court finds that Mr. Raiford, after being informed of his right not to testify, chose to take the stand and testify and that this portion of the claim has no merit. The four point enhancement was affirmed by the Fifth Circuit. Additionally, the testimony at trial was that a bystander was shot by Raiford immediately preceding the car jacking. This portion of the claim has no merit.

Lastly, Mr. Raiford claims that he was retarded and that this fact was not argued by counsel. Mr. Raiford was evaluated and found competent to stand trial and competent on the date of the offense and this Court finds that this portion of Ground One is, likewise, without merit.

The Court has further considered the affidavit of Mr. Weber and the allegations regarding his representation and, based on the record and the proceedings that have been before this Court, the Court finds that there is no merit whatsoever in the ineffective assistance of counsel claim.

## CONCLUSION

Raiford's petition for habeas relief is be denied by this Court. The points of error raised on direct appeal are procedurally barred and the only ground raised by Raiford in this petition that is not barred is the ineffective assistance of counsel claim and, as above stated, this claim for habeas relief must be denied.

A separate order in accordance with this opinion shall issue this date.

SO ORDERED this, the 23rd day of May, 2007.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE