## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**UNITED STATES OF AMERICA**

**v.**                                     **CRIMINAL NO. 2:03-CR-25-KS-MTP**

**ROBERT EARL RAIFORD**

### ORDER

On March 24, 2005, a jury found Defendant guilty of carjacking and brandishing a firearm while carjacking in violation of 18 U.S.C. §§ 2119 and 924(c)(1)(A)(ii). On June 14, 2005, the Court sentenced Defendant to 15 years of imprisonment followed by 3 years of supervised release on Count 1 and 7 years of imprisonment followed by 5 years of supervised release on Count 2, with the terms of imprisonment to be served consecutively. On July 27, 2020, Defendant filed a Motion for Compassionate Release [92] pursuant to 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic, although he is not due to be released until December 22, 2023.

Under 18 U.S.C. § 3582, the Court may reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A). Defendant has the burden of demonstrating that she meets the requirements for compassionate release. *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020).

1

The Sentencing Commission's guidelines provide, in relevant part, that the Court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13. The Sentencing Commission's application notes provide that an "extraordinary and compelling reason" exists if "[t]he defendant is suffering from a terminal illness . . . ." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(i). Likewise, the standard is met if:

> The defendant is
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious function or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(ii). The notes also provide that certain circumstances related to the defendant's age and family circumstances can meet the standard. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(B)-(C).

Defendant is currently incarcerated at FCI Talladega. He alleges that, at the

time he filed his reply, there were at least 15 cases of COVID-19 at the facility, although BOP only reports 9 cases. He argues that he is at high risk of illness or death from COVID-19 because he suffers from type-II diabetes, hypertension, asthma, and because he has a body mass index ("BMI") greater than 30. Defendant also argues that he is unable to effectively avoid exposure to the virus because of the conditions of confinement in the facility. He contends that there is no way to make a correctional facility safe, and that he should be immediately released to home confinement. Finally, Defendant argues that he would not be a danger to the safety of any other person or the community if released.

First, the Court finds that Defendant has not demonstrated that there is an "extraordinary and compelling" reason to reduce his term of imprisonment. Defendant's diabetes, hypertension, asthma, and BMI are not "serious physical or medical condition[s] . . . that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correction facility and from which he or she is not expected to recover." *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A). Courts in this Circuit have found that defendants who are not suffering from a terminal illness, serious physical or medical condition that diminishes their ability to care for themselves, serious functional or cognitive impairment, or deteriorating physical or mental health because of aging do not meet the standard imposed by the Sentencing Commission's policy statements. *See, e.g. United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v.*

3

*Washington*, 2020 WL 4000862, at *5 (E.D. La. July 15, 2020); *United States v. Clark*, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020); *United States v. Vasquez*, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020); *United States v. Johnson*, 2020 WL 3962284, at *3 (S.D. Tex. July 13, 2020); *United States v. Dodd*, 2020 WL 3893695, at *4 (E.D. Tex. July 10, 2020); *United States v. Reeves*, 2020 WL 3895282, at *3 (N.D. Tex. July 10, 2020); *Whirl*, 2020 WL 3883656 at *3. As this Court has stated, "[p]reexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence." *United States v. McLin*, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020).

Moreover, "general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . ." *Takewell*, 2020 WL 404360 at *4. "[T]he mere existence of COVID-19 in society" and, consequently, the prison system "cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (citing BOP's COVID-19 Action Plan).

The Court also finds that Defendant has not demonstrated that he would not be a danger to the safety of any other person or to the community if released. A jury convicted Defendant of a serious, violent crime. According to the Presentence Report [57], Defendant instigated an altercation by slapping a woman in the face. She

4

slapped him back, and Defendant immediately shot her in the thigh. About this time, Malcolm Alford arrived at the scene, intending to collect a debt from someone at the same trailer park. He was accompanied by his two minor nieces, one of whom was driving his car. Defendant pointed his gun at the car containing Alford and the two minors, took the vehicle, and forced Alford to drive him to New Orleans.

In addition to these events, Defendant has an extensive criminal history. He has past convictions for possession of crack cocaine, distributing false drugs, disturbing the peace by threats, possession of stolen property, theft of over $500.00 of property, driving under the influence, and burglary. At the time of sentencing, Defendant had charges pending in the Marion County Circuit Court on two counts of aggravated assault arising from an altercation with two women, in which he struck one of them in the head with his fist and cut the other with a pocket knife.

In summary, the Court certainly takes the COVID-19 pandemic seriously, but it "cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *United States v. Koons*, 2020 WL 1940570, at *4 (W.D. La. Apr. 21, 2020). As noted above, "[g]eneral concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." *Id.* at *5. For all the reasons provided above, the Court **denies** Defendant's Motion for Compassionate Release [92].

SO ORDERED AND ADJUDGED this 15th day of September, 2020.

_____/s/_____Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE